**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAFAEL MENCHACA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-71458

Agency No. A074-433-282

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020**

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Rafael Menchaca, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his motion to reopen his deportation proceedings

conducted in absentia.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reopen.  *Bonilla v. Lynch*,

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

840 F.3d 575, 581 (9th Cir. 2016). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Menchaca's motion to reopen as untimely, where he filed the motion 17 years after his final order of deportation, and he did not show due diligence for equitable tolling of the filing deadline. *See* 8 C.F.R. § 1003.2(c)(2)-(3) (subject to exceptions, a motion to reopen must be filed no later than 90 days after the date of the final administrative decision); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to a petitioner who is prevented from timely filing a motion to reopen due to deception, fraud, or error, as long as the petitioner exercises due diligence in discovering such circumstances).

We lack jurisdiction to review the agency's denial of sua sponte reopening. *See Bonilla*, 840 F.3d at 588.

We also lack jurisdiction to consider Menchaca's changed country conditions contention that he raises for the first time in his opening brief because he did not exhaust this claim before the agency. *Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (generally requiring exhaustion of claims).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**